828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher T. GLUMB, Defendant-Appellant.
 No. 86-1593.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal defendant challenges his sentencing under Rule 32 of the Federal Rules of Criminal Procedure, particularly subsections (a)(1)(A) and (c)(3)(D) of the Rule.
 
 
 2
 Defendant pleaded guilty to one count of an indictment relating to counterfeiting of Federal Reserve notes in violation of 18 U.S.C. Sec. 371. The plea was part of an agreement providing for the dismissal of the remaining counts of the indictment and a maximum sentence of five years imprisonment, with a fine to be set in the discretion of the court. On July 30, 1985, the District Court, after having reviewed the presentence report and all pertinent correspondence received, accepted the plea agreement and sentenced defendant to a four year term of imprisonment. At the sentencing hearing, the District Court provided defendant and his attorney an opportunity to be heard prior to imposing sentence. Counsel for defendant challenged the accuracy of certain statements made in the presentence report.
 
 
 3
 On June 9, 1986, defendant filed a motion for resentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure. First, defendant argued that the failure of the District Court to determine that defendant and his counsel had a reasonable opportunity to read and discuss the presentence report prior to sentencing violated Rule 32(a)(1)(A) and thus required resentencing. Second, defendant claimed that resentencing was required because the District Court also violated Rule 32(c)(3)(D) by failing to make, as to each matter controverted at the sentencing hearing, a finding as to the allegation, or a determination that no such finding was necessary because the matter controverted would not be taken into account in sentencing, and to append a written record of such findings and determinations to the presentence report. Third, defendant contended that his due process right to not be sentenced on the basis of materially false information and his Sixth Amendment right to effective assistance of counsel were violated, primarily because of certain failures by defense counsel. Finally, defendant complained that the errors of the District Court and his attorney adversely affected his position before the Parole Commission, both as to the sentence imposed pursuant to the plea agreement in this case as well as the additional term imposed on him for violating parole.
 
 
 4
 We find that the District Court has substantially complied with Rule 32(a)(1)(A) and Rule 32(c)(3)(D) of the Rules of Federal Criminal Procedure. On the basis of sentencing hearing transcript, we believe that the District Court complied with Rule 32(a)(1)(A). For the reasons set forth in the District Court's opinion, we are of the opinion that there was compliance with Rule 32(c)(3)(D).
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.